**Dated: March 29, 2012**
**The following is SO ORDERED:**

_____
George W. Emerson, Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
_____

In re

MICHAEL W. SMITH,                                       Case No. 12-20847-E

Debtor.                                                 Chapter 13

_____

### ORDER ON "MOTION TO ALTER/AMEND AND/OR MOTION FOR RELIEF FROM JUDGMENT"
_____

These matters are before the Court on the motion of Debtor Michael W. Smith requesting that the Court "rescind its Order dismissing Debtor's bankruptcy petition for failing to satisfy the filing requirements in a timely manner." This proceeding arises in a case referred to this Court by the Standing Order of Reference, Misc. Order No. 84-30 in the United States District Court for the Western District of Tennessee, Western and Eastern Divisions, and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

The Debtor, Michael W. Smith, filed this incomplete Chapter 13 voluntary petition on January 26, 2012. On January 28, 2012, the Bankruptcy Court Clerk issued its Notice of Required Filing Fee

and/or Deficient Filing indicating that, among other items, the Debtor had until February 2, 2012 to file his matrix and had fourteen (14) days to file his Summary of Schedules, Schedule C, Schedule I, Schedule J, Verification of Pre-petition Budget and Credit Counseling, Statement of Current Monthly Income, Chapter 13 Plan and Page 2 of his Summary of Schedules.

On January 31, 2012, the Debtor attempted to file a Motion for Exemption from Credit Counseling but the motion was voided because there was not a certificate of service attached to the motion indicating who was to be served with a copy of the motion. The Bankruptcy Court clerk issued a deficiency notice which was mailed to the Debtor at the mailing address provided on his Chapter 13 Petition. The Debtor never corrected this deficiency and never filed a Certificate indicating that he received the required pre-petition budget and credit counseling.

The Debtor filed his matrix on February 3, 2012. On February 13, 2012, this Court entered its Order dismissing the Debtor's case due to the Debtor's failure to timely file the completion of his Petition. On February 14, the Debtor filed a Motion for Extension of Time requesting an extension of time to file the documents necessary to complete this case. The Bankruptcy Court Clerk's office again issued a deficiency notice to the Debtor on his Motion for Extension of Time because the case was dismissed prior to the filing of the Motion.

On February 28, 2012 the Debtor filed his Motion to Alter/Amend, which is the subject of this Order. Since the filing of the Motion to Alter/Amend the Debtor filed the following documents in an apparent attempt to correct the deficiencies in his pleadings, in chronological order: 1) Chapter 13 Plan filed on February 29, 2012; 2) Chapter 13 Statement of Current Monthly and Disposable Income on February 29, 2012; 3) Summary of Schedules on February 29, 2012; 4) Schedule C on March 21, 2012. As noted above, the Debtor never filed a Verification of Pre-petition Budget and Credit Counseling.[1]

---

[1] Since the hearing of this Motion to Alter/Amend, the Debtor has also filed a Petition for Writ of Habeas Corpus on March 16, 2012, as well as an Affidavit in Support of Motion to Alter/Amend on March 21, 2012. The Court has taken the Debtor's Affidavit into account in

2

Rule 59(e) of the Federal Rules of Civil Procedure (made applicable to bankruptcy proceedings pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure) states that "A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Here, the Court's order dismissing the Debtor's case was entered on February 13, 2012. The deadline for filing Debtor's motion to alter or amend the Court's judgment was February 27, 2012. The Debtor's motion was filed on February 28, 2012. As such, the Debtor's motion was untimely and should be denied. *See In re Reyes,* 2007 WL 337980 at * 1 (Bankr. E.D. Tenn. 2007), citing *Taylor v. Freeland & Kronz*, 112 S.Ct. 1644, 1648 (1992)("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.").

Even were the Court to find that the Debtor's motion to alter or amend were timely, the Debtor's case remains deficient in that the Debtor has not filed a Verification of Pre-petition Budget and Credit Counseling. "This requirement is imposed upon all individual debtors as an eligibility pre-requisite before entering the bankruptcy system." *See Clippard v. Bass (In re Bass),* 365 B.R. 131, 135 (W.D. Tenn. 2007), citing *In re Dixon,* 338 B.R. 383, 389 (8th Cir. B.A.P. 2006) and *In re Gee,* 332 B.R. 602, 604 (Bankr. W.D. Mo. 2005). Dismissal is a proper remedy for non-compliance with such a requirement. *Id.* at 138. The Court notes that the Debtor attempted to file a motion for determination of disability, which was rejected by the Clerk's office due to the fact that the Debtor did not include the required certificate of service. The Debtor did not correct the deficiency and the motion is not properly before the Court. However, even if the Debtor were to correct the deficiency, this Court would follow the conclusions reached by the 6th Circuit Bankruptcy Appellate Panel and several other courts in holding that incarceration does not amount to a "disability" which would make the Debtor eligible for a permanent waiver of the credit counseling requirement pursuant to 11 U.S.C. § 109(h)(4). *In re*

---

this Opinion and the Writ of Habeas Corpus is the subject of another Order and will not be considered here.

3

*Anderson,* 397 B.R. 363, 366-367 (6th Cir. B.A.P. 2008)(citations omitted).

The Court finds that the Debtor's case remains incomplete and relief from the Order Dismissing the Debtor's case for failure to complete the filing requirements would be futile. As set forth above, the Debtor is not eligible for permanent waiver of the credit counseling requirement. In no case would the Debtor ever be allowed to extend the time to file such verification over forty-five days. 11 U.S.C. § 109(h)(3)(B). This deadline ran without the Debtor having filed such verification.

For the foregoing reasons, the Debtor's Motion to Alter/Amend and/or for Relief from Judgment is hereby **DENIED**.

Cc:    Debtor
        Chapter 13 Trustee
        U.S. Trustee