**Dated: March 30, 2012**
**The following is SO ORDERED:**

_____
George W. Emerson, Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

_____

In re

MICHAEL W. SMITH,                             Case No. 12-20847-E

　　Debtor.                                    Chapter 13

_____

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM**
_____

　　These matters are before the Court on the petition of Debtor Michael W. Smith requesting that the Court enter an order to have the Debtor brought before the Court for the hearing on Debtor's Motion to Alter/Amend and/or for Relief from Judgment. This proceeding arises in a case referred to this Court by the Standing Order of Reference, Misc. Order No. 84-30 in the United States District Court for the Western District of Tennessee, Western and Eastern Divisions, and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

　　The Debtor, Michael W. Smith, alleges that he is incarcerated at the Hardeman County Correctional Facility and cannot appear at the hearing on his Motion to Alter/Amend and/or For Relief

from Judgment without a court order requiring same.

A prisoner has no constitutional right to appear in civil proceedings. Federal Courts have the discretionary authority, pursuant to 28 U.S.C. § 2241(c)(5) to issue a writ of habeas corpus ad testificandum to secure a state or federal prisoner's appearance in federal court. *In re Best Value, Inc.* 2009 WL 4840144 (Bankr. N.D. Iowa 2009).

The Sixth Circuit has enumerated several factors for the Court to take into consideration in this determination, and has stated that if any of the factors are found to be negative, the Court would do well to decline to issue the writ. The prisoner's request must reflect something more than a mere desire to be temporarily free from prison, the prisoner must demonstrate the ability to conduct an intelligent and responsible argument and the prisoner's presence must not cause undue inconvenience or danger. *Holt v. Pitts,* 619 F.2d 558 (6th Cir. 1980)(citing with approval the Seventh Circuit's factors as set forth in *Stone v. Morris,* 546 F.2d 730 (7th Cir. 1976), including: cost, substantiality of the matter at issue, need for an early determination of the matter, possibility of delaying the trial until the prisoner is released, probability of success on the merits and the integrity of correctional system).

In looking to these factors, the Court declines to issue such writ.[1] Because the Debtor's case remains incomplete and the deadline has passed within which the Debtor may file a Verification of Pre-petition Credit Counseling, the Debtor's case will remain dismissed and his presence at the hearing of the motion will not assist the Court. Further, the Court's hearings are conducted in a courtroom which is in a high-rise office building that the Court shares with many other non-judicial tenants. Unlike a Federal Courthouse, the building in which the Court holds hearings was not intended to house or assist in the transport of inmates. Substantial inconvenience and risk would be involved in transporting an inmate to this court. Finally, the Debtor did submit to the Court an affidavit in support of his Motion.

---

[1] Some courts have found that bankruptcy courts do not have the authority to issue a writ of habeas corpus. *See Bishop v. Cornelius (In re Cornelius),* 214 B.R. 588, 590 (Bankr. E.D. Ark. 1997). Because the Court declines to issue the writ, it need not reach that issue.

2

Nothing in the Debtor's petition leads the court to believe that the Debtor's personal testimony would enhance the arguments previously made in his motion and affidavit.

For the reasons set forth herein, the Debtor's Petition for Writ of Habeas Corpus Ad Testificandum is hereby **DENIED.**

Cc:  Debtor
 Chapter 13 Trustee
 U.S. Trustee

3